| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4054 MWF (KSx)          **Date:** August 13, 2021
**Title:**    Guri Gonzalez v. Lizbeth Corona Bautista, et al.

**Present:**    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**    ORDER DISMISSING ACTION WITHOUT PREJUDICE

On May 14, 2021, Plaintiff Guri Gonzalez commenced this action against Defendants Lizbeth Corona Bautista and Ki Ho Yang. (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by August 12, 2021.

On July 26, 2021, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than August 12, 2021, why the action should not be dismissed for lack of prosecution. (Docket No. 12). The Court indicated than any request for an extension of time to effect service would "only be granted upon a showing of good cause, including, but not limited to, the date service was tendered to a process server and the date service was first attempted by the process server." (*Id.* at 1). The Court further indicated that if a Proof of Service reflects that a Defendant's time to respond to the Complaint or file an Application for Stay and Early Mediation had already expired, Plaintiff must concurrently file a Default Application with the Proof of Service. (*Id.* at 2).

On August 12, 2021, Plaintiff filed a Proof of Service (the "POS") of the Summons, Complaint, ADA Disability Access Litigation packet, and other case-initiating documents on Defendant Ki Ho Kang. (Docket No. 13). The POS reflected personal service on Defendant Kang on June 14, 2021. Despite the warning in the OSC, Plaintiff did not concurrently file an Application for Clerk to Enter Default with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4054 MWF (KSx)          **Date:** August 13, 2021
**Title:** Guri Gonzalez v. Lizbeth Corona Bautista, et al.

the POS.  In addition, no Proof of Service has been filed as to Defendant Lizbeth Corona Bautista.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned to fully respond to the OSC by August 12, 2021.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.